## Long v. Drexel Hill Cab Co.

*Jacques H. Fox*, for plaintiffs.

*Francis R. Lord*, for defendants.

SWENEY, P. J., October 2, 1963.—This case was tried before a jury and resulted in a verdict for the husband-plaintiff in the sum of $236, the exact amount of the expenses incurred by the husband-plaintiff as a result of the wife's injuries, and in the sum of $1,000 in favor of wife-plaintiff, which covered her loss of earnings and pain and suffering.

Plaintiffs have filed a motion for new trial on the single issue that the verdict of husband-plaintiff is inadequate, because the jury allowed nothing for consortium. The case was argued before the court en banc and is now ready for decision.

Plaintiffs are saying to us that the rule laid down in Alexander v. Knight, 197 Pa. Superior Ct. 79, affirming 25 D. & C. 2d 649 (1961), should be applied to consortium. Briefly stated, the rule is:

"A verdict which arbitrarily ignores established damages without proper necessity or basis for compromise must be set aside."

This rule has been applied mainly to cases where juries have ignored proof of pain and suffering. Plaintiff contends that a verdict is inadequate when a jury fails to find a money verdict in favor of a husband when loss of consortium has been shown.

We are not in accord with this contention. We have never been impressed with the right of a husband, in a trespass action, to recover for loss of a wife's services. We are in complete accord with Neuberg v. Bobwicz, 401 Pa. 146 (1960), refusing recovery to a wife. We cannot understand why a husband may recover and not a wife.

However, the evidence of loss of consortium as testified to by plaintiffs was slight and inconclusive. On the other hand, it was brought out in the testimony that the wife-plaintiff worked for Bell Telephone Company six and seven days per week and that, after her injury, she saw more of her husband than before the accident. We are not permitted to take the place of a jury, but we feel it is altogether likely that the jury took all of the evidence of loss of consortium, together with the court's charge, and concluded that plaintiff-husband was not entitled to money damages for this item.

### Decree

And now, October 2, 1963, it is ordered and decreed that plaintiffs' motion for new trial is dismissed; judgment is hereby entered upon the jury's verdict; an exception is noted for plaintiffs.